**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5003

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO LUIS DIAZ-RODRIQUEZ, a/k/a Bordy,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (5:03-cr-70006-SGW-5)

Submitted: March 28, 2007          Decided: May 8, 2007

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Larry W. Shelton, Randy V. Cargill, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Adam B. Schwartz, Third Year Practitioner, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Luis Diaz-Rodriquez pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack), 21 U.S.C. § 846 (2000), and was sentenced in June 2004 to 235 months imprisonment. He did not appeal the judgment, but subsequently filed a motion to vacate under 28 U.S.C. § 2255 (2000), alleging that he had asked his attorney to file an appeal. After an evidentiary hearing, the district court granted relief under § 2255, vacated the judgment, entered a new judgment, and noted an appeal on Diaz-Rodriquez' behalf. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) (holding that counsel's failure to file a notice of appeal when requested to do so is per se ineffective assistance). Diaz-Rodriquez now claims on appeal that his Sixth Amendment right to effective assistance of counsel was violated when his prior attorney withdrew his objections to the presentence report at the sentencing hearing and that Sixth Amendment error occurred under United States v. Booker, 543 U.S. 220 (2005), when his sentence was increased based on facts that were neither charged in the indictment nor admitted by him. Finding merit in his second claim, we vacate the sentence and remand for resentencing consistent with Booker.[1]

[1]We note that Diaz-Rodriquez waived his right to appeal the sentence in his plea agreement. Because the government has not asserted the waiver as a bar to this appeal, we will not treat it as such. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Diaz-Rodriquez was sentenced before <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>Booker</u> were decided. Because the claims he raises here were not raised in the district court, our review is for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 732-37 (1993) (discussing standard); <u>United States v. Hughes</u>, 401 F.3d 540, 547-48 (4th Cir. 2005) (same).

At the sentencing hearing, counsel for Diaz-Rodriquez withdrew the objections he had filed contesting the drug quantity attributed to his client and the manager role adjustment recommended in the presentence report. Diaz-Rodriquez informed the court that he agreed that the objections should be withdrawn. After Diaz-Rodriquez filed his § 2255 motion, the only issue addressed by the district court was whether the attorney was ineffective in failing to consult with Diaz-Rodriquez about an appeal following his sentencing. The attorney's testimony at the evidentiary hearing did not reveal his reason for deciding to withdraw the objections to the presentence report; indeed, he was unable to explain what his reasons might have been. However, the district court did not decide whether the attorney was ineffective in withdrawing the objections. To succeed in a claim of ineffective assistance on direct appeal, a defendant must show conclusively from the face of the record that counsel provided ineffective representation. <u>United States v. James</u>, 337 F.3d 387, 391 (4th Cir. 2003). Even though, in this case, we have the

benefit of the attorney's testimony about his conduct at the sentencing hearing, we cannot say conclusively that counsel was ineffective in withdrawing the objections. Therefore, this claim fails.

As the government concedes, Diaz-Rodriquez' second Sixth Amendment claim has merit. Even though Diaz-Rodriquez withdrew his objections to the guideline calculation, his silence did not constitute an admission, for Booker purposes, of the facts set out in the presentence report. United States v. Milam, 443 F.3d 382, 387 (4th Cir. 2006); see also United States v. Revels, 455 F.3d 448, 450 (4th Cir.), cert. denied, 127 S. Ct. 299 (2006). Diaz-Rodriquez admitted only that he conspired to distribute fifty grams of crack, as charged in the indictment, but he was held responsible for 1.5 kilograms of crack. His base offense level was thus increased from 32 to 38. Another two levels were added for having a managerial role, which he did not admit. Without these enhancements, the guideline range would have been 121-151 months.[2] Diaz-Rodriquez' 235-month sentence thus exceeded the maximum permissible, under a mandatory guideline scheme, based on facts he admitted.

---

[2]This calculation does not take into account the three-level adjustment for acceptance of responsibility that Diaz-Rodriquez received. United States v. Evans, 416 F.3d 298, 299 n.4 (4th Cir. 2005).

- 4 -

Because Diaz-Rodriquez has established plain error that affected his substantial rights, we vacate his sentence and remand this case for resentencing consistent with Booker and Hughes. Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 264. On remand, the district court should first determine the appropriate sentencing range under the guidelines. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence. Id. at 546. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure, as required by 18 U.S.C. § 3553(c)(2). Id. at 546. The sentence must be "within the statutorily prescribed range and ... reasonable." Id. at 547.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[3]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Diaz-Rodriquez' sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is 'plain' if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").